Dear Mr. Morris:
Your request for an Attorney General's opinion has been forwarded to me for research and reply. You have requested an opinion from our office on behalf of the Orleans Parish School Board ("OPSB") regarding whether it would be a violation of La.Const. art. VII, § 14 to use public funds to pay for the costs incurred to register an OPSB Board member ("Board member") for a conference which the Board member was ultimately not able to attend and which were not refundable.
The information you provided to our office was as follows: In an effort to comply with OPSB Policy B201 and La.R.S. 17:53[1], certain members of OPSB directed the Board Secretary to register them for a conference for continued training and instruction. OPSB Policy B201 provides in pertinent part:
 [e]ach Orleans Parish School Board member shall be required to receive a minimum of six (6) hours of training and instruction in the school laws of this state, in the laws governing the powers, duties and responsibilities of school boards, and in educational trends, research, and policy.
The cost of registration and air fare was directly pre-paid to the appropriate vendors by OPSB. All of the registered Board members, except one, attended and participated in the conference. The non-attending Board member told OPSB that the medical emergency of a family member prevented her from attending the conference. The OPSB sought reimbursement of the conference registration fee, air fare, and hotel *Page 2 
cancellation fees incurred for the one Board member who did not attend. However, only a small portion of the air fare was recovered. As a result OPSB sought reimbursement from the non-attending Board member. The non-attending Board member contends that she should not have to reimburse OPSB.
Your opinion request specifically asked the following:
 (1) In light of the Court's interpretation in City of Port Allen v. Louisiana Municipal Risk, 439 So.2d. 399 (La. 1983), is OPSB obligated to recover the unreimbursed registration, air fare and hotel costs from the non-attending Board member?
 (2) If OPSB does not seek reimbursement from the non-attending Board member, would OPSB be in violation of the constitutional prohibition against the donation of public funds for a non-public purpose?
In your opinion request you refer to the Louisiana Supreme Court CaseCity of Port Allen; however, it is important to note in the Board ofDirectors of the Industrial Development Board of the City of Gonzales v.All Taxpayers, et al. 2005-2298 (La. 9/6/06), 938 So.2d. 11, (Cabela) the Louisiana Supreme Court established a new standard to determine compliance with La.Const. Art. VII, § 14(A).
In Board of Directors of the Industrial Development Board of the Cityof Gonzales, Louisiana, Inc. v. All Taxpayers, Property Owners, Citizensof the City of Gonzales, et al., 2005-2298 (La. 9/6/06), 938 So.2d 11
(the "Cabela's" case), the Louisiana Supreme Court abandoned its prior analysis in City of Port Allen. v. Louisiana Mun. Risk Mgmt. Agency,Inc., 439 So.2d 399 (La. 1983), and articulated a new standard of review governing La.Const. art. VII, § 14(A), stating that La.Const. art. VII, § 14(A) "is violated when public funds or property are gratuitously alienated." Cabela's, 938 So.2d at 20.
In light of the Cabela's case, it is the opinion of this office that in order for an expenditure or transfer of public funds to be permissible under Art. VII, Sec. 14(A), the public entity must have the legal authority to make the expenditure and must show: (i) a public purpose for the expenditure or transfer that comports with the governmental purpose for which the public entity has legal authority to pursue; (ii) that the expenditure or transfer, taken as a whole, does not appear to be gratuitous; and (iii) the public entity has a demonstrable, objective, and reasonable expectation of receiving at least equivalent value in exchange for the expenditure or transfer of public funds. The Cabela's
standard places a strong emphasis on the reciprocal obligations between the parties to ensure that there is not a gratuitous donation of public funds.
You have specifically asked whether OPSB is obligated to recover the non-refundable, unreimbursed portion of the registration, air fare, and hotel costs from the non-attending Board member. It is the opinion of this office that OPSB is not obligated to recover the *Page 3 
non-refundable, unreimbursed registration, air fare, and hotel costs from the non-attending Board member. As stated above, the Louisiana Supreme Court determined in Cabela that La.Const. Art. VII, § 14(A) is violated when public funds or property is gratuitously alienated.
La.Const. Art. VII, § 14(A) provides in pertinent part "[e]xcept as otherwise provided by this constitution the funds, credits, property or things of value of the state or of any of political subdivision shall not be loaned, pledged or donated to or for any person, association or corporation." Here, the Board member was not loaned or donated public funds. Nor was the Board member contractually obligated to reimburse the OBSP for any of the costs of the conference in the event she could not attend. OBSP pre-paid for her to attend the conference and although she ultimately was not able to attend, she personally did not receive anything of value from OPSB. Thus, OPSB is not obligated to recover the unreimbursed registration, air fare, and hotel costs from the non-attending Board member as she did not receive public funds.
You have also specifically asked our office the following question: If OPSB does not seek reimbursement from the non-attending Board member, would OPSB be in violation of the constitutional prohibition against the donation of public funds for a non-public purpose?
Based on the facts provided in your opinion request, it appears that when OPSB pre-paid the cost of the registration fee, hotel, and air fare for the Board member, there was a public purpose for expending the funds, the transaction did not appear to be gratuitous on its face and the public entity had an expectation of receiving something of value. Thus, OPSB did not violate La.Const. Art. VII, § 14(A) when it pre-paid for the Board members to attend the conference.
Moreover, as stated above, OPSB is not obligated to recover the non-refundable, unreimbursed registration fee, hotel and air fare costs from the non-attending Board member because the non-attending Board member did not receive public funds and was not contractually obligated to OPSB for any costs or fees incurred in the event she was unable to attend. Since no public funds were received by the Board member from OPSB and there was obligation on the part of the Board member to reimburse OPSB for any fees or costs associated with the conference in the event she was unable to attend then OPSB would not be in violation of La.Const. Art. VII, § 14(A) if it does not seek reimbursement from the non-attending Board member. *Page 4 
We hope this sufficiently answers your inquiry. If we can be of further assistance, please do not hesitate to contact us.
 With Best Regards,
 JAMES D. "BUDDY" CALDWELL Attorney General
 By:__________________________ CHERIE A. LATO Assistant Attorney General
[1] The provision of OPSB Policy B201 is similar to the language in La.R.S. 17:53 which provides as follows: "[e]ach member of a city or parish school board shall receive a minimum of six hours of training and instruction in the school laws of this state, in the laws governing the powers, duties, and responsibilities of city and parish school boards, and in educational trends, research, and policy."